LAKE SHORE AND MICHIGAN SOUTHERN RAILROAD COM-
PANY

*v.*

THE CITY OF CHICAGO.

1.  SPECIAL ASSESSMENTS *in Chicago — by whom to be determined — validity of an ordinance in that regard.*   Upon an application for judgment upon a special assessment for the curbing and filling of a certain street in the city of Chicago, it appeared that, before the passage of the ordinance ordering the improvement, a considerable portion of it had been done by private individuals, of their own motion.   The ordinance directed the improvement to be made, " excepting such portions of the above described work which have been already done in a suitable manner."   There was no attempt, in any stage of the proceedings, by the council or the board of public works, to define, by any public act, what portion of the work had been done in a suitable manner:   *Held,* the ordinance was void, because the responsibility of directing the mode, manner and extent of such improvements is with the common council, and this was an attempt to vest a discretion in that regard in the board of public works.

2.  SAME — *of evidence admissible — to show fraud in the assessment.*   It is competent, on an application for judgment upon such an assessment, for an objector to prove that the assessment was made as if no part of the work had been previously done, as showing the fraud and injustice of the

assessment. But proof of that fact was unnecessary because the ordinance was void without it.

3. SAME — *of arrangements between the Board of Public Works and individuals.* It was also competent, in such case, to show that the Board of Public Works made arrangements with some of the parties who had voluntarily done the work thus embraced in the assessment, and who were in no way entitled to be allowed any thing for it, by which they were to be assessed a certain sum, and to be allowed for the work done by them as a set-off against the assessment. If such a set-off were allowable, the common council, not the Board of Public Works, was the proper authority to make the arrangement.

APPEAL from the Superior Court of Chicago; the Hon. JOSEPH E. GARY, Judge, presiding.

The opinion states the case.

Mr. DANIEL L. SHOREY, for the appellants.

Mr. M. F. TULEY, for the appellee.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

This was an application for judgment, upon a special assessment levied for curbing with curb walls and filling Clark street, from the south line of Twelfth street to the north line of Eighteenth street, and from the south line of Eighteenth street to the north line of Twenty-second street.

It appears from the evidence, without controversy, that before the passage of the ordinance ordering this improvement, a considerable portion of it, such as building curb walls and filling, had been done by private individuals and a railroad corporation, of their own motion. In the report of the Board of Public Works recommending the improvement, the ordinance of the council, the oath of the commissioners, and the several notices given, the proposed work is described as above, with this addition: "Excepting such portions of the above described work which have been already done in a suitable

manner." And there was no attempt, in any stage of the proceedings, by the council or the commissioners, to define, by any public act, what portion of the work had been done in a suitable manner.

We have held in several cases at this term that such an ordinance is void, because the responsibility of directing the mode, manner and extent of such improvements, is with the common council, and because it is an attempt to vest the board with an irresponsible, discretionary power which may afford a cover to an unfair estimate or assessment, and open the door to fraud and favoritism in letting the contracts for the work. *Foss* v. *The City of Chicago, ante,* p. 354.

The objectors offered to prove that the assessment in this case was made as if no part of the work had been previously done. The court excluded the evidence, and exception was taken. It was unnecessary to give any such evidence, because the ordinance was void without it. But it was admissible, as showing the fraud and injustice of the assessment. Various other offers of evidence were made, tending to show that the Board of Public Works, at some time, made arrangements with some of the parties who had voluntarily done this work, and who were, by no provisions of law or of any ordinance, entitled to be allowed any thing for it, by which they were to be assessed a certain sum and then to receive vouchers from the board for the work done, by which the assessment against their property was to be set-off or paid. The court excluded the evidence, and exception was taken. If an improper arrangement had been entered into before or at the time of making the assessment, and was carried into effect, it would most clearly render the assessment upon the property of others, not parties to the arrangement, fraudulent and void, even if the ordinance had been free of objection. Because, if any such set-off could be made, and we are not prepared to say that it could not, the common council, and not the Board of Public Works, was the proper authority to do so.

If the exercise of this great power over the rights of private

property can be upheld at all, it can only be done by showing a close, straight-forward, honest compliance with every substantial requirement of the law prescribed for its government.

The judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.* *

---

*TIMOTHY WRIGHT v. THE CITY OF CHICAGO and THE CHICAGO & ROCK ISLAND R. R. Co. v. THE SAME; appeals from the Superior Court of Chicago: In each of these cases Mr. JUSTICE MCALLISTER delivered the opinion of the court as follows: This case is like that of the *Lake Shore & Michigan Southern R. R. Co.* v. *The City of Chicago,* and must be decided in the same way.  The judgment of the court below is reversed and the cause remanded.