GEORGE W. CASS

*v.*

THE PEOPLE *ex rel.* Kochersperger, County Treasurer.

*Filed at Ottawa April 3, 1897.*

1. SPECIAL ASSESSMENTS—*insufficient description in ordinance of proposed improvement.* An ordinance providing for the laying of water service-pipes in certain streets, which fails to specify the dimensions of the pipes or to designate of what material they are to be composed, does not sufficiently describe the nature and character of the improvement.

2. SAME—*ordinance delegating council's power to board of public works is void.* An ordinance which fails to sufficiently specify the nature, character and description of a proposed improvement, but leaves the same largely to be determined by the department of public works, is void, as clothing such department with discretionary powers vested in the council.

3. TAXES—*objection that assessment ordinance is void is available on application for judgment of sale.* An objection that a special assessment is void is available on application for judgment of sale for the delinquent assessment, notwithstanding the judgment confirming the assessment was entered against the objector by default.

APPEAL from the County Court of Cook county; the Hon. O. N. CARTER, Judge, presiding.

WILLIAM J. DONLIN, and CHARLES T. MASON, for appellant.

JOHN D. ADAIR, for appellee.

Mr. CHIEF JUSTICE MAGRUDER delivered the opinion of the court:

This is an appeal from a judgment of sale entered by the county court for a delinquent special assessment for water service-pipes in Lawndale avenue, in Chicago. In the confirmation proceedings the judgment was by default, no objections having been filed.

Appellant has filed certain objections to the application for judgment of sale, one of which is that, "in the proceeding for confirmation of said special assessment,

the ordinance authorizing said improvement did not specify the nature, character, locality and description of the proposed improvement." This is the only objection insisted upon by appellant's counsel, and to which the arguments of both counsel are addressed. Section 1 of the ordinance provides: "That a water service-pipe be, and the same is hereby ordered laid from each of the lots or parcels of land abutting on Lawndale avenue from Thirty-first street to river in said city to connect with the public water pipe in Lawndale avenue in front of or adjoining such lot or parcel of land. Said work to be done under the superintendence of the department of public works."

We regard the objection as sufficient, and think that it should have been sustained by the county court. This case comes directly within the rule laid down by this court in *Otis* v. *City of Chicago*, 161 Ill. 199. In that case it was said, that the ordinance did not meet the requirement of the statute, because it did not state whether the lamp posts therein ordered to be erected were to be of wood, or iron, or for light with oil, or gas, or electricity. The ordinance here is of a precisely similar character; it directs that a water service-pipe be laid from each of the lots, but does not specify whether these pipes are to be of wood or iron or tile, nor in any way indicate their size or dimensions. It is evident, that no intelligent estimate can be made of their cost from the description in the ordinance.

It is contended by counsel for appellee, that the ordinance in question is only voidable and not void; and that, therefore, the objections now under consideration should have been made in the original proceeding for the confirmation of the assessment, and cannot be made in this collateral proceeding, which is an application for judgment of sale. This contention, however, cannot prevail, because the ordinance must be regarded as void, and not merely voidable. It not only does not specify with sufficient definiteness the nature and character and de-

scription of· the improvement, but it leaves the nature, character and description of the improvement largely to be determined by the department of public works.   The department of public works is thereby invested with a discretion in regard to how the improvement should be made.   We have held that an ordinance, thus clothing the department of public works with discretionary power, is void.   The responsibility of directing the mode and manner and extent of such public improvements is with the common council.   An attempt to vest the board with discretionary powers in such cases may afford a cover for unfair estimates, and "open the door to fraud and favoritism in letting contracts for the work."   (*Lake Shore and Michigan Southern Railroad Co.* v. *City of Chicago,* 56 Ill. 454; *Andrews* v. *City of Chicago,* 57 id. 239.)

The judgment of the county court is reversed, and the cause is remanded to that court for further proceedings in conformity with the views herein expressed.

*Reversed and remanded.*