CAROLINE C. HOLDEN *et al.*

*v.*

THE CITY OF CHICAGO.

*Opinion filed April 21, 1898.*

ORDINANCES—*ordinance for curbing street should specify the height of curb.* An ordinance for curbing a street is invalid for insufficient description of the improvement, where it contains nothing from which the height of the curb can be ascertained.

WRIT OF ERROR to the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

This is a writ of error sued out for the purpose of reversing a judgment of confirmation of the county court of Cook county in a special assessment proceeding levied for the purpose of raising revenue for the improvement of Warren avenue, from Homan avenue to a point ninety-eight feet east of the east line of Fall street, in the city of Chicago, pursuant to an ordinance passed by the city council for that purpose.

GEORGE W. WILBUR, for plaintiffs in error.

CHARLES S. THORNTON, Corporation Counsel, and JOHN A. MAY, for defendant in error.

Mr. JUSTICE CRAIG delivered the opinion of the court:

Section 1 of the ordinance provides: "That the roadway of Warren avenue, from, etc., (describing the roadway,) being thirty feet in width, be and the same is hereby ordered curbed with a granite concrete combined curb and gutter. Said granite concrete combined curb and gutter shall be set on either side of the roadway of said Warren avenue between said points, (except across the roadway of intersecting streets and alleys,) on a foundation of cinders six inches in depth, and so that the street face of the curb proper will be at and on a line parallel with the fifteen feet from the center line of said roadway. Said combined curb and gutter shall be composed of the best quality of Portland cement, mixed with fine crushed granite, in the proportion of one part of cement to two parts of granite, to which shall be added four parts of broken granite, said granite to be crushed to a size so as to pass through a ring of one and one-half inches internal diameter. The combined curb and gutter shall have a smooth, even surface on the parts exposed, and shall be laid in alternate blocks six feet in length, and shall be six inches in thickness throughout. The gutter flags shall be eighteen inches in width, and laid to a pitch corresponding with the angle toward the crown of the street, and the upper street face corner of the curb shall be rounded to an inch and a half radius."

The balance of the section relates to the grading and improvement of the surface of the roadway, and it will not be necessary to set it out here. No other section of the ordinance has any bearing on the nature, character or description of the improvement.

It will be observed that the ordinance makes no provision whatever in regard to the height of the curb required to be constructed on each side of the roadway.

The material of which it is to be constructed is specified. So also the thickness of the curb is provided for in the ordinance, but the ordinance is silent in regard to the height, and upon this ground it is contended that the ordinance is invalid. The statute requires an ordinance providing for a local improvement to specify the nature, character, locality and description of the improvement, and it has been held in numerous cases that the statute is mandatory, and an ordinance which fails to comply with the statute is invalid. (*Cass* v. *People*, 166 Ill. 126; *Otis* v. *City of Chicago*, 161 id. 199; *People* v. *Hurford*, 167 id. 226.) It is plain that the ordinance under consideration does not meet the requirements of the statute. It can not be known or determined from the ordinance whether the curb on each side of the roadway shall be six inches, one foot or two feet high. It was therefore impossible for the commissioners to make an intelligent estimate of the cost of the improvement, and a contractor could not make an intelligent bid on the work unless he knew the height of the curb he would be required to construct. It was conceded to be necessary to specify in the ordinance the thickness of the curb, but it was just as important to give the height as the thickness. If you can dispense with one you can dispense with the other. Where a curb is to be constructed on each side of the street, it is not imposing an unreasonable burden on a city proposing to improve the street to specify in the ordinance the material of which the curb shall be constructed, its height and thickness. That was not done here, and for a failure to observe the requirements of the statute the ordinance cannot be sustained.

It has been suggested in the argument of defendant in error that the abstract fails to show that plaintiffs in error have any interest in the lands assessed, and for that reason they cannot complain of the judgment of confirmation. The original abstract made by plaintiffs in error failed to show their interest in the lands assessed,

but an amended abstract has been filed, which, as we understand it, removes the difficulty.

For the error indicated the judgment of the county court will be reversed as to the lands of plaintiffs in error, and the cause will be remanded.

*Reversed and remanded.*