THE PEOPLE *ex rel.* Kochersperger, County Treasurer,

*v.*

WILLIAM WARNEKE.

*Opinion filed April 21, 1898.*

SPECIAL ASSESSMENTS—*objection that ordinance is void is available on application for sale.* A special assessment ordinance which delegates to a body other than the city council the power to determine the nature, character, locality and description of the improvement, and which omits every element of a specification of such nature, locality, character and description, is void, and its invalidity may be shown on application for judgment of sale.

APPEAL from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

CHARLES S. THORNTON, Corporation Counsel, and JOHN A. MAY, for appellant.

Mr. CHIEF JUSTICE PHILLIPS delivered the opinion of the court:

An ordinance was adopted by the city council of the city of Chicago, "that a water service-pipe be and the same is hereby ordered laid from each of the lots or parcels of land hereinafter described, abutting on Throop street, from Fifty-fifth street to Sixty-third street, in said city, and to connect with the public main water-pipe in Throop street in front of or adjoining such lot or parcel of land." Then follows the description of lots, among them being those objected for herein. The work was to be done under the superintendence of the department of public works. The ordinance further provided that the cost of the improvement should be paid by special assessment. It provided also for the appointment of commissioners, and was to be in force from and after its passage. A judgment of confirmation of the special assessment thus provided for was entered. At the July term of the county court of Cook county, on an application for judgment of sale by the county treasurer, the appellant, the appellee appeared and filed objections to entering judgment of sale, the first of which is: "The ordinance referred to and recited in the petition filed by the city of Chicago in special assessment case docket No. 16,295, filed in this court, is void for uncertainty and indefiniteness, in that it does not sufficiently set forth the nature, character, locality and description of the improvement therein proposed to be made." This objection raises the only question in the case. The objection was sustained by the court and judgment of sale was refused. A motion by the county collector for a new trial and in

arrest of judgment was overruled, to which ruling exceptions were entered and this appeal prosecuted.

No intelligent estimate could be made of the cost of the improvement from any description in the ordinance. The ordinance does not specify with sufficient definiteness the nature, character, locality and description of the improvement, but wholly omits to make any description, and leaves the nature, character and description of the improvement to be determined by the department of public works. That body is invested with the superintendence of the work in directing the manner and extent of the improvement, which power must be exercised by the common council. An ordinance vesting a discretionary power with reference to an improvement of this character in a body other than the common council would open the door to unfair estimates and to fraud and favoritism. Such a delegation of power is void. Where an ordinance contains many of the elements of the nature, character, locality and description of the improvement, as required by the statute, but is defective in some respect, such defect will not be a defense on an application for judgment on a delinquent list. (*People* v. *Lingle*, 165 Ill. 65; *Steenberg* v. *People*, 164 id. 478.) Where the ordinance delegates a power belonging exclusively to the council to another body, to determine the nature, character, locality and description of the improvement, and absolutely omits every element of specification of the nature, character, locality and description of an improvement, such ordinance is void. (*Cass* v. *People*, 166 Ill. 126; *People* v. *Hurford*, 167 id. 226.) The ordinance in this case is bad in both these respects, and the objection to the judgment was properly sustained.

The judgment of the county court is affirmed.

*Judgment affirmed.*