GILBERT LEHMERS et al.

v.

THE CITY OF CHICAGO.

*Opinion filed February 22, 1899—Rehearing denied April 7, 1899.*

1. SPECIAL ASSESSMENTS—*fixing top of curb at established grade is sufficient.* A paving ordinance fixing the top of the curb at the established grade of the street is sufficient in its specification of height where the provisions for cutting and filling are specific.

2. SAME—*when ordinance specifies width of pavement.* A paving ordinance which provides that the street be improved to the width of thirty feet, states the thickness of the curb and width of the gutter flags, and calls for pavement between the gutter flags, sufficiently indicates the width of the pavement.

WRIT OF ERROR to the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

WILLIAM F. CARROLL, for plaintiffs in error.

CHARLES S. THORNTON, Corporation Counsel, and JOHN A. MAY, for defendant in error.

Mr. CHIEF JUSTICE CARTER delivered the opinion of the court:

Plaintiffs in error contend that the ordinance providing for the local improvement for which the special assessment upon their property was levied and confirmed is void because it does not specify the nature, character, locality and description of the improvement. That part of the ordinance complained of is as follows: "That Humboldt avenue, (now known as Cortez street,) from the west line of Western avenue, projected, to the east line of California avenue, projected, in the said city of Chicago, together with the wings of all intersecting streets and alleys, the roadway of said Humboldt avenue between the points named being thirty feet (30 ft.) in width, shall be improved as follows, to-wit: Granite concrete combined curb and gutter, with a foundation of cinders six

(6) inches in depth, shall be laid on each side of said roadway at the outside line thereof. Said curb and gutter shall be six (6) inches in thickness throughout, and the gutter flag shall be eighteen (18) inches in width and laid to a pitch corresponding with the angle toward the crown of the street, and the surface corner of the curb shall be rounded to an inch and one-half $(1\frac{1}{2})$ radius. The top of said curb shall be at the established grade of said Humboldt avenue. * * * The roadway between the points named and between said gutter flags shall be filled to within nine and one-half inches of the final grade of the pavement with earth, etc. Upon the road-bed thus prepared shall be the asphalt pavement, etc. The final surface of the pavement shall conform to the established grade of said Humboldt avenue (now known as Cortez street) between said points, as fixed by an ordinance now on file in the office of the city clerk of the city of Chicago."

The first contention is, that the height of the curb is not given in the ordinance, and that the ordinance in that respect is subject to the same objection held good in *Holden* v. *City of Chicago*, 172 Ill. 263. In this counsel is in error. Here the ordinance provides that the top of the curb shall be at the established grade of said Humboldt avenue. In the *Holden case* the ordinance contained no such provision.

It is next said that the width of the asphalt pavement is not specified in the ordinance. We think otherwise. It provides that the street be improved to the width of thirty feet, states the thickness of the curb and the width of the gutter flag, and then provides that the road-bed between shall be paved with asphalt. The ordinance is not uncertain in the respects mentioned.

The judgment is affirmed. *Judgment affirmed.*