CHARLES G. WILLIS *et al.*

*v.*

THE CITY OF CHICAGO.

*Opinion filed February 20, 1901.*

SPECIAL ASSESSMENTS—*when specification for a curb is insufficient.* An ordinance for combined curb and gutter, which provides that "said curb shall be six inches in thickness throughout and the gutter flags shall be eighteen inches in width," the top of the curb to be "at the established grade of said street," is insufficient to give the court jurisdiction to enter confirmation judgment, since there is nothing from which to ascertain how deep the curb is to be set. (*Lundberg* v.*City of Chicago*, 183 Ill. 572, and *Beach* v.*City of Chicago*, 186 id. 208, followed; *Lehmers* v.*City of Chicago*, 178 Ill. 530, and *Claflin* v.*City of Chicago*, id. 549, distinguished.)

WRIT OF ERROR to the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

WILLIAM F. CARROLL, for plaintiffs in error.

CHARLES M. WALKER, Corporation Counsel, and DENIS E. SULLIVAN, for defendant in error.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is a writ of error to the county court of Cook county to review the proceedings in that court confirming a special assessment against the property of plain-

tiffs in error. The assessment was made by the city of Chicago to pay for curbing with combined curb and gutter, and paving, Drexel avenue from Seventy-first street to South Chicago avenue, and a system of streets. The judgment of confirmation was entered July 22, 1896, by default.

One of the grounds of reversal is, that the ordinance authorizing the assessment is void for a failure to specify the nature, character, location and description of the improvement, the principal objection to it being, that it does not specify the height of the combined curb and gutter.

The ordinance is as follows: "Granite concrete combined curb and gutter, with a foundation of cinders six inches in depth, shall be laid on each side of said roadway. Said curb shall be six inches in thickness throughout, and the gutter-flags shall be eighteen inches in width. The top of said curb shall be at the established grade of said street, the roadways of each of said above named streets between the limits given on each, between said gutter-flags, to be filled to within nine and one-half inches of the grade of the pavement, with sand, etc. Upon the roadway thus prepared shall be laid a bed of hydraulic cement, etc. The final surface of the pavement shall conform to the established grade of said street between said points, as shown by an ordinance fixing the grade of said streets now on file in the office of the city clerk of the city of Chicago."

It is insisted on behalf of the plaintiffs in error that this identical ordinance was before us in the cases of *Lundberg* v. *City of Chicago,* 183 Ill. 572, and *Beach* v. *City of Chicago,* 186 id. 208, in each of which cases the ordinance was held insufficient to give the court jurisdiction to render a judgment confirming special assessments made under it. And this is conceded to be true by counsel for the city, their contention, however, being, that the decisions in those cases were made without the attention of the

court being called to the language in the ordinance, *"the top of said curb shall be at the established grade of said street."* In this, counsel are in error. In the former of the above cases the defect in the ordinance was shown to be in failing to give the "depth of the gutter or corresponding height of the curb, or to furnish any data from which it can be determined." The trouble with the ordinance is that it gives data from which the top of the curb can be ascertained but gives no means of ascertaining the bottom of it. The top is the grade of the street, but the bottom or lower edge of the curb may be one foot or two feet below the grade, for anything shown in the ordinance. The defect is not precisely the one condemned in the ordinance before us in *Holden* v. *City of Chicago*, 172 Ill. 263, but in effect it is the same. There the language of the ordinance was: "The gutter-flags shall be eighteen inches in width and laid to a pitch corresponding with the angle toward the crown of the street," etc. The bottom of the gutter might have been ascertained by reference to the grade ordinance, but there was nothing to show at what height the top of the curb should be, and practically the same defect appeared in that ordinance as in this. There is nothing here from which the depth of the curb-stones can be ascertained.

It is insisted that the ordinance is good under the decisions in *Lehmers* v. *City of Chicago*, 178 Ill. 530, and *Claflin* v. *City of Chicago*, id. 549. It is, perhaps, true, that upon first impression these cases would seem to be in conflict with the later cases of *Lundberg* v. *City of Chicago* and *Beach* v. *City of Chicago*, *supra;* but an examination of the ordinances in the *Lehmers* and *Claflin cases* will show that they were materially different from the one now under consideration. In the *Lehmers case* the ordinance contained the language: "Said curb and gutter shall be six inches in thickness throughout, and the gutter-flag shall be eighteen inches in width *and laid to a pitch corresponding with the angle toward the crown of the street.*   *   *   *

The top of said curb shall be at the established grade of said Humboldt avenue.  *  *  *  The final surface of the pavement shall conform to the established grade of said Humboldt avenue between said points, as fixed by an ordinance now on file in the office of the city clerk of the city of Chicago." In the *Claflin case* the ordinance provided: "That the surface of the pavement at the center of the street shall conform exactly to the established grade of said Harding avenue, and shall descend to the gutter line with a pitch of one inch to each three feet; that the gutter-flags shall be eighteen inches in width and have a pitch corresponding to the crown of the street, and that the top of the curb shall be at the said established grade of Harding avenue." It therefore appears that in both of said cases the ordinance furnished the data from which the depth of the gutter could be definitely ascertained,—that is, both the top and lower edges of the curb-stones could be ascertained.

We do not see wherein this ordinance is more certain in its description of the height of the curb than was the one in the case of *Holden* v. *City of Chicago, supra,* and on the authority of that case and *Lundberg* v. *City of Chicago* and *Beach* v. *City of Chicago, supra,* we must hold that it was insufficient to authorize a judgment confirming the special assessment therefor.

There is also another fatal objection to the judgment below. The affidavit of mailing notices of the final hearing upon the assessment is fatally defective, but in view of what we have said it is unnecessary to discuss that point. We think, however, that counsel for defendant in error, in their argument upon this branch of the case, failed to distinguish between a direct proceeding, as this is, and a collateral proceeding.

The judgment of the county court must be reversed and the cause remanded.         *Reversed and remanded.*