STEPHEN J. FAY *et al.*

*v.*

THE CITY OF CHICAGO.

*Opinion filed December 18, 1901—Rehearing denied February 5, 1902.*

SPECIAL ASSESSMENTS—*when ordinance sufficiently indicates height of curb.* The height of the curb of a proposed improvement is sufficiently indicated by an ordinance providing that such curb and gutter shall be six inches in thickness throughout, the gutter-flags eighteen inches in width and laid to a pitch corresponding with the angle toward the crown of the street, and that top of curb "shall be at the established grade" of the street to be improved.

WRIT OF ERROR to the County Court of Cook county; the Hon. R. W. S. WHEATLEY, Judge, presiding.

JAMES MAHER, for plaintiffs in error.

WILLIAM M. PINDELL, (CHARLES M. WALKER, Corporation Counsel, EDGAR B. TOLMAN, and ROBERT RED-FIELD, of counsel,) for defendant in error.

Mr. JUSTICE HAND delivered the opinion of the court:

This is a writ of error to review the judgment of the county court of Cook county confirming a special assessment for the improvement of Grenshaw street from the west curb line of Forty-first avenue, projected, to the east curb line of Forty-second avenue, projected, in the city of Chicago.

It is contended on behalf of the plaintiffs in error that the ordinance providing for said improvement is insufficient, for the reason that it does not specify the nature, character, locality and description of the proposed improvement, in this: that it fails to state the height of the curb which is to be constructed as a part of said improvement. The portion of the ordinance complained of is as follows: "Granite concrete combined curb and gutter, with a foundation of cinders six inches in depth, shall

be laid on each side of said Grenshaw street between the points named and fifteen feet (15) from the center thereof. Said curb and gutter shall be six inches (6) in thickness throughout, and the gutter-flag shall be eighteen inches (18) in width, and laid to a pitch corresponding with the angle towards the crown of the street; and the surface corner of the curb shall be rounded to an inch and a half radius. The top of said curb shall be at the established grade of said Grenshaw street. * * * The final surface of the pavement shall conform to the established grade of said Grenshaw street between the points named, as fixed by ordinance of the city of Chicago now on file in the office of the city clerk."

This ordinance is almost identical with the ordinance in *Lehmers* v. *City of Chicago*, 178 Ill. 530, where, in passing upon an objection similar to the one relied upon here, we say (p. 531): "The first contention is, that the height of the curb is not given in the ordinance, and that the ordinance in that respect is subject to the same objection held good in *Holden* v. *City of Chicago*, 172 Ill. 263. In this counsel is in error. Here the ordinance provides that the top of the curb shall be at the established grade of said Humboldt avenue. In the *Holden case* the ordinance contained no such provision." This ordinance provides: "*The top of said curb shall be at the established grade of said Grenshaw street,*" and that "*said curb and gutter shall be six inches (6) in thickness throughout, and the gutter-flag shall be eighteen inches (18) in width, and laid to a pitch corresponding with the angle towards the crown of the street,*" which furnishes data from which the top and bottom of the curb can be ascertained and makes the ordinance sufficiently specific. *Willis* v. *City of Chicago*, 189 Ill. 103.

The ordinance is not defective in the regard complained of, and the judgment of the county court will therefore be affirmed.    *Judgment affirmed.*