Perkins E. Bass

*v.*

The People *ex rel.* S. B. Raymond, County Collector.

*Opinion filed June 16, 1903.*

1. Special assessments—*special assessment proceeding is collateral to condemnation proceeding.* A proceeding to levy a special assessment to pay a condemnation award is collateral to the condemnation suit, and while questions involved in the latter suit cannot be litigated in the assessment proceeding, yet the question of jurisdiction to enter the condemnation judgment may be determined.

2. Same—*when question of want of jurisdiction cannot be raised.* The objection of want of jurisdiction to enter a condemnation judgment cannot be raised upon application for judgment of sale for a delinquent special assessment levied to pay the condemnation award, where the objection was not urged against the confirmation of the assessment. (*Payson* v. *People*, 175 Ill. 267, and *Craig* v. *People*, 193 id. 199, distinguished and explained.)

3. Courts—*county court has no power to change judgment of circuit court.* Upon application in the county court for judgment of sale on a special assessment confirmed by the circuit court, the county court has no power to reduce the assessment against the lots of an objector upon the ground that such reduction had been agreed upon by the parties in the assessment proceeding and an order to that effect prepared, which the circuit court neglected to enter.

4. Notice—*when objection to collector's notice is waived.* An objection that the collector's notice of application for judgment of sale was defective in failing to give the year in which the assessment was due is waived where the parties appear and make no objection upon that ground nor to admission of the notice in evidence.

Appeal from the County Court of Cook county; the Hon. Orrin N. Carter, Judge, presiding.

Wilson, Moore & McIlvaine, for appellant.

William M. Pindell, (Charles M. Walker, and Edgar B. Tolman, of counsel,) for appellee.

Mr. Justice Cartwright delivered the opinion of the court:

The circuit court of Cook county entered judgment confirming a special assessment against lots of appellant in the city of Chicago, levied to pay the compensation awarded to owners of property taken for opening South Park avenue from Fifty-fifth street to Fifty-sixth street, in said city, in a condemnation proceeding in said court. The assessment being unpaid, the county collector of said county applied to the county court for judgment against said lots and an order of sale to satisfy the same. Appellant appeared and filed objections, which were overruled, and judgment was entered against the lots.

The principal objection was, that there was no valid judgment of condemnation because one of the owners of property named in the petition for condemnation was never brought into court, by service of process or otherwise. Appellant offered evidence tending to show that in the condemnation case there was a separate amendment to the petition filed, which 'was lost from the files, in which J. C. Dunlevy was added as a defendant and one of the owners of the property condemned; that Dunlevy had some interest in such property, and that he was not served with summons and did not appear in the action, so that the court acquired no jurisdiction of his person. It was denied that such an amendment was made, and there was evidence that Dunlevy was never made a party to the suit. Appellant contends that a preponderance of the evidence showed that Dunlevy was made a party, but we do not consider it necessary to pass upon that

question, for the reason that the objection could not be made in this proceeding. The circuit court, in the con-demnation suit, entered a judgment awarding to the sev-eral owners of the property taken, sums aggregating $19,499.88. A supplemental petition was then filed in the same suit for a special assessment on the property bene-fited by opening the street, to raise the amount necessary to pay such compensation and the costs of the proceed-ing. An assessment roll was filed assessing lots of the appellant, and he appeared and filed objections to the confirmation, which were overruled, and after a trial by jury a judgment of confirmation was duly entered. The appellant, in that proceeding, did not make the objec-tion that is now sought to be raised. The supplemental proceeding for an assessment to pay the award in the condemnation suit depended upon a valid judgment of condemnation, which was the foundation for the assess-ment. A valid and legal award of compensation for property taken or damaged lies at the foundation of the supplemental proceeding, and the proper time to make the objection that there is no valid judgment of con-demnation is when the application is made to confirm the assessment. The supplemental proceeding is collateral to the one on which the judgment of condemnation was rendered, and the questions involved in the original pro-ceeding cannot be re-litigated on the supplemental peti-tion for a special assessment, but if the condemnation judgment is entered without jurisdiction it may be col-laterally attacked in the proceeding to confirm the spe-cial assessment. (*Goodwillie* v. *City of Lake View*, 137 Ill. 51; *Ayer* v. *City of Chicago*, 149 id. 262; *Dickey* v. *City of Chicago*, 152 id. 468.) Appellant might have objected to the con-firmation of the assessment in the circuit court on the ground of want of jurisdiction in the condemnation suit, but he was concluded by the judgment of confirmation as to that and all other questions which might then have been raised and adjudicated. The application of the

county collector to the county court was for the purpose of satisfying the judgment of confirmation in the circuit court and was based upon that judgment. ,A property owner has a right to a hearing before his property can be burdened with a special assessment, but when he has had a hearing he cannot, in the collateral proceeding to collect the judgment, litigate questions that might have been raised on the application to confirm the assessment. The circuit court had jurisdiction to hear and determine all objections to the special assessment, and appellant appeared and made his objections, and while he did not make this objection, he could have made it.

*Payson* v. *People*, 175 Ill. 267, relied upon by appellant, was a case where the land owner was not named as a party to the proceedings to organize a drainage district and levy an assessment, and he was not served with notice and did not appear. The statute required notice to the owner before the levy of an assessment upon his land, and it could not be subject to such an assessment without notice or appearance. It was held that he might raise the question of want of jurisdiction in the county court to confirm the assessment, and was not concluded by the judgment of confirmation. *Craig* v. *People*, 193 Ill. 199, was a case under the Sidewalk act, where the first opportunity of the land owner to contest the validity of a special tax was on the application for judgment and order of sale in the county court. In this case there was no want of jurisdiction in the circuit court to hear and determine the question whether there was a valid judgment of condemnation as a basis for the assessment. The objection now made raises only a question which the circuit court had power to determine, and which cannot be raised on the application for judgment to collect the assessment. *People* v. *Talmadge*, 194 Ill. 67.

Appellant proved that in the proceeding to confirm the assessment in the circuit court it was agreed between his counsel and the attorney for the city of Chicago that

the assessment against his lots should be reduced $500 and should be confirmed as reduced, and an order was prepared to that effect, which was agreed to, but the order was never entered and the judgment confirmed the assessment roll without the reduction agreed upon. The appellant asked the county court to enter the order and make the reduction. The county court had no jurisdiction to change the judgment of the circuit court, and if the appellant was entitled to any relief by virtue of the agreement, his only remedy would be in the circuit court. In *Kilmer* v. *People*, 106 Ill. 529, the amendment of the affidavit relating to notice was made to conform to the facts as they occurred and by the same court in affirmance of its judgment. In this case the county court had no jurisdiction over the records of the circuit court, and the proposal was to have the county court change the judgment of the circuit court, which it had no power to do. Where sufficient has been collected to pay the cost of an improvement and the expenses, the county court, on application for judgment of sale, may properly decline to enter judgment for the collection of any further sum. (*People* v. *McWethy*, 177 Ill. 334.) In this case it is not contended that the entire assessment is unnecessary to pay the compensation awarded, and costs.

It is also urged that the notice of the county collector of the application for judgment and order of sale was not in compliance with the statute, in failing to give the year in which the assessment was due. Appellant appeared and made no objection on that ground, and when the collector's notice was offered and admitted in evidence he made no objection to it. The notice gave the number of the warrant, and there was no variance in the proof nor any objection of a variance. The question of the sufficiency of the notice does not arise in any way on the record.

The judgment is affirmed.     *Judgment affirmed.*