[No. 12023.  Department One.  January 7, 1915.]

*In re* PINE STREET ASSESSMENT, MINNIE CUNNINGHAM, *et al.*,
*Appellants.*

THE CITY OF WALLA WALLA, *Plaintiff* v. JOSEPH DAVIN *et al.*,
*Defendants.*[1]

MUNICIPAL CORPORATIONS—IMPROVEMENTS—PROCEEDINGS—NOTICE—CONSTITUTIONAL LAW—DUE PROCESS.  Under Rem. & Bal. Code, §§ 7772 and 7792, making eminent domain proceedings to condemn property for a local improvement and the proceedings to assess the benefits therefrom two entirely separate proceedings so far as acquiring jurisdiction and the questions involved are concerned, owners in the district assessed for benefits, but whose lands are not taken, are not deprived of property without due process of law in that they were not served with notice of the condemnation proceedings or given an opportunity to be heard therein; notwithstanding that the jury in such a proceeding is authorized to find the damages to the defendants for land taken and to the balance of their lands not taken after offsetting the benefits, thereby precluding the assessment of such lands not taken.

SAME—IMPROVEMENTS—ASSESSMENT OF BENEFITS—EXEMPTIONS—PROCEEDINGS.  An award of damages in eminent domain proceedings to take land for street purposes, after fixing the amount for the land taken, reciting "For damages to remaining land by reason of

[1]Reported in 145 Pac. 179.

severance, $150," must, in the light of instructions directing the jury to offset the benefits against such damages, be construed as a net damage over and above special benefits, exempting the land from assessment, as authorized by Rem. & Bal. Code, § 7782.

Appeal from a judgment of the superior court for Walla Walla county, Mills, J., entered January 31, 1914, confirming an assessment roll, upon appeal from the eminent domain commissioners. Affirmed.

*John C. Hurspool* and *E. W. Benson*, for appellants.

*John F. Watson* (*Thomas H. Brents*, of counsel), for respondent.

PARKER, J.—This is an appeal from a judgment of the superior court of Walla Walla county, confirming a special assessment made by eminent domain commissioners upon property of appellants to pay the expense of acquiring land for the extension of Pine Street, in the city of Walla Walla, by eminent domain proceedings. The land so acquired by the city was a portion of a tract owned by Joseph Davin *et al.* The jury awarded them, as the value of the portion of their tract taken, the sum of $1,500; and as damages to the remainder of their tract by reason of the severance, the sum of $150.

Joseph Davin *et al.*, the owners of the land so taken and damaged, were alone made defendants in the condemnation branch of the proceedings, and thereafter appellants and other owners of property, found by the eminent domain commissioners to be benefited by the extension of Pine Street, were made parties to the assessment branch of the proceedings, given notice and awarded a hearing upon the confirmation of the assessment. Both branches of the proceedings were conducted, as to parties and notice, as prescribed by the statute relating to the exercise of the power of eminent domain by cities, Rem. & Bal. Code, § 7767, and following.

Counsel for appellants contend that the assessments against their property are void for want of due process of

law, in that they were not made parties to the condemnation branch of the proceedings and were thereby deprived of a hearing upon the question of the amount of the award made by the jury for the land taken and damaged. They claim the right to such a hearing upon the ground that their property is being assessed to pay the award; that the amounts they are called upon to pay are not only affected by the amount of the award made by the jury, but also by the finding of the jury that the remaining land of Davin *et al.* was damaged, resulting in its exemption from assessment which it otherwise would not have been, but would have shared, with appellants' land, the burden of the assessments. It is not claimed that there was any want of jurisdiction in the condemnation proceedings impairing in the least either the right of the city or the defendants Davin *et al.*, the owners of the land taken and damaged. Neither is it claimed that the condemnation proceedings were conducted by the city authorities other than in good faith, with due effort to procure an award by the jury as favorable as possible to the owners of property to be assessed to pay the same.

We have no such situation here presented as in *In re Third, Fourth, and Fifth Avenues*, 49 Wash. 109, 94 Pac. 1075, 95 Pac. 862, where the award was made by the jury in compliance with an agreement between the city and the owners of the land taken and damaged, rendering the award and the judgment thereon void as to the owners of property to be assessed to pay the award. It seems to us the claimed right of appellants to be heard as parties to the condemnation branch of the proceedings must rest upon some positive statute law before it can be recognized by the courts; though this does not mean that the owners of .assessed property may not challenge the validity of the award and judgment thereon upon jurisdictional grounds, or upon grounds of connivance or bad faith on the part of the city authorities amounting to fraud as against the right of owners of property to be assessed, when it comes to fastening assessment

liens upon their property. This claimed right to be heard in the condemnation branch of the proceedings is, as we view it, in substance the same as the right of property owners to protest against the making of the improvement in the first instance; or the right to have the cost of the improvement determined by competitive bids; or the right to have the improvement initiated in some prescribed statutory manner. The securing of such rights as these, as they are sometimes secured by statute, is unnecessary to satisfy the due process of law provisions of the state and Federal constitutions. This view finds support in the case of *In re Leary Avenue*, 72 Wash. 617, 131 Pac. 225, where it is said:

"While property owners whose property is liable to be assessed for a contemplated improvement may have a natural right to peaceably assemble and protest against making the improvement, they have no absolute right to have their protest granted, or absolute right to maintain an action or proceeding in the courts based on the right if their protest is not granted. Rights of this character must be based upon some positive law or statute especially conferring the right, as it does not exist as part of the inherent law of the land. That there is no such law or statute is conceded; hence, it must follow, we think, that no vested right is denied by the failure to give property holders whose property is liable to be assessed to pay the cost of a contemplated improvement an opportunity to protest against such improvement. Nor does a property holder whose property is liable to be assessed for a public improvement have a legal right to appear by counsel in the trial of the condemnation cases against the persons whose property will be taken and damaged by the making of the improvement. The duty of conducting these proceedings is devolved by statute upon the city, and since it has the responsibility of properly conducting the proceedings, it must follow that it, and it alone, has the lawful right to appear in such proceedings, or to be represented therein by counsel.

"Nor do we perceive any valid reason which supports the contention. The city must, of course, initiate and carry on a public improvement in the manner prescribed by the laws governing the procedure and it is an admittedly essential

element of a valid assessment that the owners of property on which an assessment is proposed to be levied have notice of the assessment and an opportunity to be heard as to its validity and amount before it becomes a fixed charge upon their lands. But these mark the extent of their absolute rights. . . ."

The eminent domain branch and the assessment branch of the proceedings are entirely separate, so far as acquiring jurisdiction over the parties and the questions to be adjudicated are concerned. Rem. & Bal. Code, §§ 7772, 7792 (P. C. 171 §§ 39, 79) ; *In re Third, Fourth and Fifth Avenues, supra; Spokane v. Pittsburg Land & Imp. Co.,* 73 Wash. 693, 132 Pac. 633; *Commissioners Commercial Waterway Dist. No. 2 v. Seattle Factory Sites Co.,* 76 Wash. 181, 135 Pac. 1042. No decision has come to our notice indicating that there is any want of due process of law by failure to award to a property owner, whose property is to be assessed for a public improvement, a hearing upon the taking of any preliminary steps by which the cost of the improvement is determined, whether such cost is incurred by eminent domain proceedings or otherwise.

The language of the verdict of the jury awarding damage to the remaining land of Davin *et al.* is simply "For damage to remaining land by reason of severance, $150." Counsel for appellants insist that this finding of the jury did not result in the exemption of this land from assessment to aid in paying the cost of extending the street, and that it therefore should have been assessed so as to have borne its proportion of the burden with the lands of appellants and others which were assessed, the same as if it were not remaining land from which that taken was severed.

The rule for awarding damages to land not taken and the exemption of such land from assessment, is prescribed by Rem. & Bal. Code, § 7782 (P. C. 171 § 59), as follows:

"When the ordinance providing for any such improvement provides that compensation therefor shall be paid in whole or in part by special assessment upon property benefited, the

jury or court, as the case may be, shall find separately: 1.
. . . 2. The damages which will accrue to the part re-
maining because of its severance from the part taken, over
and above any local or special benefits arising from the pro-
posed improvement. No lot, block, tract or parcel of land
found by the court or jury to be so damaged shall be assessed
for any benefits arising from such taking only;"

The trial court clearly instructed the jury accordingly.
Counsel's contention seems to be that the verdict should have,
upon its face, evidenced the fact that the jury offset the bene-
fits against damages in arriving at this portion of the award.
We are of the opinion, however, that, in view of the law and
the court's plain instructions to the jury, the verdict must
be read in the light thereof, which we think renders its mean-
ing quite plain that the jury's finding as to this land is a
finding of net damage over and above special benefits. This
statutory provision exempting land, found so damaged, from
assessment, has been given full force and effect by our previ-
ous decisions. *Schuchard v. Seattle,* 51 Wash. 41, 97 Pac.
1106; *Seattle & P. S. Packing Co. v. Seattle,* 51 Wash. 49,
97 Pac. 1093; *Hapgood v. Seattle,* 69 Wash. 497, 125 Pac.
965; *Inner-Circle Property Co. v. Seattle,* 69 Wash. 509,
125 Pac. 970; *Seattle v. McElwain,* 75 Wash. 375, 134 Pac.
1089.

In the last cited case we said:

"It is apparent that this provision of the law is for the
purpose of enabling the eminent domain commissioners and
the court, in making assessment against benefited property,
to determine what property is exempt from such assessment
by reason of being damaged by the taking, and thus avoid
the constitutional objection against assessing property which
is damaged, for the very purpose of paying such damage."

Other contentions of counsel for appellant have to do with
the questions of benefits and apportionment thereof. A care-
ful review of the evidence to which our attention has been
called convinces us that we would not be warranted in dis-
turbing the conclusion reached by the eminent domain com-

missioners and the trial court. The evidence is by no means in harmony as to the amount of benefits or the proper apportioning thereof. It furnishes ample room for difference of opinion upon both of these questions. We are quite clear that it cannot be said that the decision of the eminent domain commissioners or the superior court was capricious, or arbitrary, or rested upon a fundamentally wrong basis. *In re Boyer Avenue*, 79 Wash. 664, 141 Pac. 58.

The judgment is affirmed.

CROW, C. J., GOSE, MORRIS, and CHADWICK, JJ., concur.