[No. 10718. Department One. June 3, 1913.]

THE CITY OF SPOKANE, *Appellant*, v. PITTSBURG LAND AND
IMPROVEMENT COMPANY *et al.*, *Respondents*.[1]

EMINENT DOMAIN — MUNICIPAL CORPORATIONS — ABANDONMENT OF
PROCEEDING—EFFECT—WITHDRAWAL OF ABANDONMENT. Under Rem. &
Bal. Code, § 7787, providing for condemnation proceedings against
one set of defendants to acquire land needed by a city, and § 7792,
providing, in substance, a separate special proceeding against other
defendants for the purpose of levying an assessment to pay for the
land taken, and § 7816 providing that a city may discontinue and
abandon condemnation proceedings at any time within two months
after the award, by paying the defendants their costs, an abandon-
ment and discontinuance, at first decided upon, is conclusively nega-
tived where the city afterwards, within the two months, in effect
withdrew the discontinuance and paid the judgments in full and the
defendants in condemnation accepted the payments; since the city
thereby acquired the property with the consent of the defendants in
condemnation and the defendants in the special proceeding cannot
object thereto.

Appeal from an order of the superior court for Spokane
county, Neill, J., entered April 17, 1912, dismissing a special
assessment proceeding. Reversed.

*H. M. Stephens* and *Bruce Blake*, for appellant.

*Tolman & King* (*Hamblen & Gilbert*, of counsel), for re-
spondents.

PARKER, J.—This is an appeal by the city of Spokane,
from an order of the superior court of Spokane county, dis-
missing a special assessment proceeding, upon motion of
owners whose property was sought to be assessed by eminent
domain commissioners to pay costs and expenses incurred by
the city in an eminent domain proceeding, looking to the
widening and extension of Monroe street in that city. The
facts determinative of the right of the city to have the assess-

[1]Reported in 132 Pac. 633.

ment made are not in dispute, and may be summarized as follows:

The eminent domain and special assessment proceedings here involved were instituted under our statutes relating to the exercise of the power of eminent domain by municipal corporations, Rem. & Bal. Code, § 7768, and following. On April 26, 1910, the city passed an ordinance providing for the widening and extension of Monroe street, for the prosecution of condemnation proceedings to acquire the necessary land therefor, and for the payment of compensation to be awarded owners of such land, by the levy of special assessment upon the property to be benefited by the widening and extension of the street. Thereafter condemnation proceedings were accordingly instituted, resulting in verdicts in favor of the owners whose lands were proposed to be taken fixing the amounts of their compensation. Thereafter, on June 22, 1911, judgment was entered upon the verdicts in favor of the several landowners for the amount of their respective awards and for their costs.

On July 18, 1911, the city passed an ordinance declaring its abandonment and discontinuance of the proceedings, and providing for the payment of all costs taxable in favor of the defendants to whom awards of compensation had been made. On August 17, 1911, the auditor of the city caused to be issued and delivered to the clerk of the superior court warrants upon the city treasurer payable to the several defendants in the condemnation proceeding sufficient in amount to cover all of the sums awarded to the several defendants, including their taxable costs, which warrants were delivered to and accepted by the defendants. At the time of the delivery of these warrants to the clerk of the superior court, there does not appear to have been any authorization by the city council for the payment of the judgment fixing the amount of compensation awarded to the defendants; the city council having only authorized the payment of their costs, which we have noticed was provided for by the ordinance pur-

porting to abandon and discontinue the proceedings. However, on the following day, August 18, 1911, the city passed an ordinance directing the payment of the awards of compensation made to the several defendants, and repealing the prior ordinance declaring the discontinuance of the proceeding. Evidently this ordinance was intended as an approval of the action of the auditor in making such payment by the delivery of the warrants to the clerk of the superior court on the day previous. On August 19, 1911, a supplemental petition having been filed by the city asking for the levy of special assessments to pay the costs of thus acquiring the land for the widening and extension of Monroe street, as provided by Rem. & Bal. Code, § 7787, the usual order was entered referring the matter to eminent domain commissioners for the making of an assessment roll, charging and apportioning such costs against the property benefited by the proposed widening and extension of the street. Upon the return of the assessment roll by the eminent domain commissioners, and due notice of hearing thereon, as provided by Rem. & Bal. Code, § 7792, these respondents, owners of property sought to be charged with assessments upon the roll, objected thereto, and moved the dismissal of the assessment proceeding upon the ground that the condemnation proceeding had been abandoned by the city, relying upon the facts we have noticed, as so showing. Thereupon the trial court dismissed the assessment proceeding, and the city has appealed.

The learned trial court evidently proceeded upon the theory that, when the city passed the ordinance declaring its abandonment and discontinuance of the condemnation proceeding, and the city auditor delivered to the clerk of the superior court the warrants for the payment of the defendants' costs, though the warrants were also for an additional amount sufficient to cover the award made to the several defendants, the discontinuance of the proceedings thereby became effective so as to prevent the city and the defendants, even by common consent, considering the proceedings as not abandoned and

discontinued. This view was rested upon the provisions of § 7816, Rem. & Bal. Code, which reads as follows:

"At any time within two months from the date of rendition of the last judgment awarding compensation for any such improvement in the superior court, or if any appeal be taken, then within two months after the final determination of the appeal in the supreme court, any such city may discontinue the proceedings by ordinance passed for that purpose before making payment or proceeding with the improvement by paying or depositing in court all taxable costs incurred by any parties to the proceedings up to the time of such discontinuance. If any such improvement be discontinued, no new proceedings shall be undertaken therefor until the expiration of one year from the date of such discontinuance."

A critical reading of the statutes relating to eminent domain and special assessment proceedings, such as are here involved, will render it apparent that, while these proceedings are ordinarily conducted as one case in the superior court, they are, in substance, two separate proceedings. The defendants in the condemnation proceeding proper are brought into court by summons to respond to the issues involved in the taking of their property and awarding compensation therefor and none other; while the defendants in the assessment proceeding thereafter to be commenced by supplemental petition, as provided by Rem. & Bal. Code, § 7787, are brought into court by another notice which is in effect an original process (Rem. & Bal. Code, § 7792), to respond to the issues involved in the assessment of their property to pay the costs and expenses incurred in the condemnation proceeding. The defendants in the respective proceedings are not necessarily the same persons. Indeed, they are seldom, if ever, all the same persons. Having this comprehensive view of the statute before us, let us inquire what are the rights of these two classes of defendants touching the abandonment and discontinuance of the condemnation proceeding as provided by § 7816 above quoted, during the two months following the entry of the judgment in that proceeding.

Looking alone to the rights of the defendants who have been awarded compensation in the condemnation proceedings proper, it seems clear to us that it is within the rights of both those defendants and the city to make or unmake any agreement or understanding touching the discontinuance of the proceedings, at least during the two months within which the city is required to elect to abide by the awards of the condemnation or discontinue the proceedings. If at any time during the two months the city pays the full amount of the awards of compensation and costs into court for the defendants, and such payments are thereafter accepted by the defendants, we think the abandonment and discontinuance of the condemnation proceedings would be thereby conclusively negatived, even though prior action on the part of the city might, standing alone, seem to clearly evidence its intention to abandon and discontinue the proceedings. Nothing could be plainer from the facts shown by this record than that, during the two months within which the city was required to elect to abide by the awards of compensation or abandon the proceedings, the city did, by act of its auditor and ratification of its city council, actually pay to the clerk of the court the full amount of the awards of compensation together with costs, for the benefit of the defendants, which payment was accepted by the defendants, and that the city thereby acquired the property for the widening and extension of Monroe street. It may be conceded that under § 7816, above quoted, those defendants might have insisted that the ordinance evidencing the city's abandonment and discontinuance of the proceedings should be regarded as binding and effective upon the payment to the clerk of the court of their costs incurred in the proceedings, but since they accepted such payment and have made no claim that the city abandoned the proceedings, we think that both they and the city are in the same position as if there had been no vacillation on the part of the city touching its intention to abandon and discontinue the proceeding.

The city having thus acquired the land for the widening and extension of Monroe street within two months following the entry of the judgment in that proceeding, it is indeed difficult to see how the rights of the defendants in this special assessment proceeding are in the least affected by the fact that the city did determine to discontinue the proceedings and thereafter decided otherwise without objection by the defendants whose lands were acquired. It is true that the defendants in this special assessment proceeding, under our decision in *In re Third, Fourth and Fifth Avenues,* 49 Wash. 109, 94 Pac. 1075, 95 Pac. 862, would have the right to object to the levying of an assessment upon their property to pay the costs and expenses of a condemnation proceeding where the amount of the awards had not been regularly determined by jury trial; but there is nothing in this record to indicate any such want of regularity in the condemnation proceeding. We are of the opinion that defendants were in no way prejudiced by the vacillation of the city in making its election to abide by the awards of compensation, in view of the fact that the city made final payment of the awards and costs prior to the expiration of the two months within which it was required to elect, and thereby acquired the property sought by the condemnation, the defendants in the condemnation proceeding consenting thereto.

We conclude that the order of dismissal must be reversed and the cause remanded to the superior court for further proceedings not inconsistent with the views herein expressed.

It is so ordered.

CROW, C. J., MOUNT, GOSE, and CHADWICK, JJ., concur.