[No. 11087.   Department One.   September 12, 1913.]

# The City of Seattle, *Respondent,* v. W. P. McElwain, *Appellant.*[1]

Municipal Corporations—Public Improvements—Assessments—Proceedings—Ordinances—Land Benefited. Under Rem. & Bal. Code, § 7790, authorizing the city council to define the assessment district for a local improvement and providing that no property shall be assessed in a greater amount than it will be actually benefited, and Id., §§ 7792-7796, providing for notice and hearing constituting in effect a separate proceeding upon the subject of assessments, and Id., § 7782, providing that property damaged cannot be assessed, the city council, in the preliminary ordinance for the condemnation of land to widen a street, may limit the assessment district to the tract of land from which the street is to be taken; and where the jury finds that the land not taken is not damaged, it may be assessed, to the extent of actual benefits received, to pay for the entire damages awarded for the land taken.

Same—Proceedings—Hearing—Review. In such a case, the questions as to the extent of the benefits, and whether the same will pay the whole cost of the improvement, or the council abused its discretion in fixing the assessment district, cannot be prejudged by the court in the condemnation proceeding, but must be determined at the hearing of the assessment proceedings; and the preliminary ordinance is not invalid because it fails to show that the benefits will pay the entire costs.

Municipal Corporations — Improvements — Damages from Original Grade of Street. A city is not liable for consequential damages to abutting property from the original grading of a street, where there was no encroachment upon the soil or removal of lateral support.

Appeal from a judgment of the superior court for King county, Tallman, J., entered December 21, 1912, upon the verdict of a jury awarding damages in condemnation proceedings for a local improvement. Affirmed.

*Byers & Byers,* for appellant.

*James E. Bradford, C. B. White,* and *Melvin S. Good,* for respondent.

[1]Reported in 134 Pac. 1089.

PARKER, J.—This is a condemnation proceeding, brought by the city of Seattle to acquire a strip of land for the purpose of widening Fifteenth avenue, in that city. A trial before the court and a jury resulted in verdicts awarding to the owners of the land compensation, and judgment awarding to the city the land upon payment of the sums so awarded to the owners. W. P. McElwain, one of the owners, has appealed therefrom to this court.

The facts of the case, so far as necessary for us to notice them in discussing the contentions made in behalf of appellant, are in substance as follows: Appellant is the owner of the north 272 feet of a square tract of land, measuring approximately 320 feet on each side thereof, which tract fronts easterly on Ffteenth avenue; Bertha Sandall being the owner of the remaining southerly portion of the tract. The dedicated portion of Fifteenth avenue along the easterly boundary of the tract is only thirty feet wide. In September, 1911, for the purpose of widening Fifteenth avenue, the city council passed an ordinance providing for the acquisition of the easterly thirty-five feet of this tract by eminent domain proceedings, and for payment of the entire expenses of such proceedings, including compensation to be awarded to the owners, by special assessment upon the property benefited lying within the N. E. ¼ of the S. E. ¼ of the S. E. ¼ of the N. E. ¼ of Sec. 5, Township 25 North, Range 4 East, W. M., which is the same tract of land, approximately 320 feet square, owned by appellant and Bertha Sandall. Thereafter in May, 1912, this proceeding was accordingly instituted against appellant and Bertha Sandall. By the verdict rendered in favor of appellant upon the trial, the jury, after awarding him compensation for the land taken, found that the remainder of his land would not be damaged by reason of the taking of the thirty-five foot strip therefrom. During the trial it appeared that the city had actually taken possession of the thirty-five foot strip, and graded it as a part of Fifteenth avenue, prior to the trial. It also appeared

during the trial that appellant had commenced an action, which was then pending in the superior court for King county, to recover damages from the city on account of the grading of the thirty-five foot strip as a portion of Fifteenth avenue. We are not informed as to the exact nature of the claim for damages made in that action, though we infer from remarks of counsel that it was for damages claimed to have resulted to appellant's land from the establishment of the grade, as well as for the value of the land so taken possession of by the city. The judge of the trial court ignored the fact of the prior taking possession of the thirty-five foot strip and the grading of the same by the city, and by his rulings and instructions, in effect, withheld from the consideration of the jury such facts, submitting to the jury only the usual questions of the value of appellant's land taken, and damage to the remainder by reason of the taking, as though the city did not have possession and had not graded Fifteenth avenue. These rulings were made upon objection interposed by counsel for the city to offers of proof made by counsel for appellant, upon the ground that such facts were foreign to the issues involved in this proceeding.

The principal contention made by counsel for appellant is, in substance, that the ordinance providing for the institution of eminent domain proceedings is void and does not constitute legal authorization for such proceedings, because the ordinance purports to authorize the taking of land for public use and the payment of the entire expense thereof by special assessment upon the land from which the land proposed to be acquired will be taken. The first thought which would naturally arise in the mind of one having this contention presented to him, is that it suggests a matter of controversy to be considered only at the hearing upon the making and confirmation of the proposed special assessment. Counsel for appellant, apparently anticipating this, argue that, since the assessment district is, by the terms of the ordinance, limited to the land belonging to the appellant and

Bertha Sandall, from which land the land proposed to be acquired is to be taken, the assessment cannot be lawfully so made; and that since no other provision is made by the city for payment of the expense of the condemnation, it is, therefore, unauthorized. This is an ingenious argument; and if the facts in this record warranted the conclusion, as a matter of law, that under no circumstances could the remaining land of appellant and Bertha Sandall be benefited by the proposed widening of Fifteenth avenue to the extent of the entire expense of the condemnation and thus prevent assessing the whole amount thereof against the remaining land, it would have much force; though even such conclusion would not negative the power of the city to voluntarily pay any deficiency in such assessment necessary to pay the entire expense, nor would we be required to presume that the city would not voluntarily pay such deficiency rather than abandon the acquisition of the land for the widening of Fifteenth avenue. We are of the opinion, however, that it cannot be so determined from the facts here disclosed, and that that question can only be determined at the hearing before the court upon the return of the assessment to be made by the eminent domain commissioners.

We have noticed that the ordinance provides that the assessment of the expense of the condemnation is to be made upon land "especially benefited," within the district defined by the ordinance so as to include only the land of appellant and Bertha Sandall. The council is expressly authorized to define the assessment district in its initiatory ordinance by § 7790, Rem. & Bal. Code (P. C. 171 § 75), of the eminent domain law; but that does not constitute an authorization to assess any of the land within the district a greater sum than it would be actually benefited by the widening of Fifteenth avenue, nor could it be such an authorization because that section of the eminent domain law expressly provides, "that no property shall be assessed a greater amount

than it will be actually benefited," and §§7792-7796 (P. C. 171 §§ 79-87), provide for notice to the owners of land to be assessed, and a hearing before the court upon that very question, which notice and hearing constitute, in substance, a separate proceeding, as we have held in *Spokane v. Pittsburg Land & Imp. Co.*, 73 Wash. 693, 132 Pac. 633. The finding of the jury that the remainder of appellant's land not taken would not be damaged by the taking of the thirty-five foot strip therefrom was made in compliance of Rem. & Bal. Code, § 7782 (P. C. 171 § 59), providing as follows:

"When the ordinance providing for any such improvement provides that compensation therefor shall be paid in whole or in part by special assessment upon property benefited, the jury or court, as the case may be, shall find separately:

"(1)· The value of land taken at date of trial;

"(2) The damages which will accrue to the part remaining because of its severance from the part taken  . . ."

It is apparent that this provision of the law is for the purpose of enabling the eminent domain commissioners and the court, in making assessment against benefited property, to determine what property is exempt from such assessment by· reason of being damaged by the taking, and thus avoid the constitutional objection against assessing property which is damaged, for the very purpose of paying such damage.

Counsel for appellant place their principal reliance upon the decision of the United States supreme court in the noted case of *Norwood v. Baker*, 172 U. S. 269. That case, it is true, involved the taking by condemnation of a strip of land for a public street through the land of an owner and an attempt to pay for such taking by assessing the entire expense thereof, including compensation to the owner, upon the remaining land of the owner; and it was held that such an assessment was, in effect, an attempted exercise of the power of eminent domain without compensating the owner for the property taken. But a careful reading of that famous de-

cision will disclose the fact that the assessment there involved was made under a rule which excluded all inquiry into the question of the benefits resulting to the portion of the owner's land not taken and which was sought to be assessed. The substance of the holding in that decision is found in the concluding paragraph of the language of Justice Harlan, speaking for the court as follows:

"The judgment of the Circuit Court must be affirmed, upon the ground that the assessment against the plaintiff's abutting property was under a rule which excluded any inquiry as to special benefits, and the necessary operation of which was, to the extent of the excess of the cost of opening the street in question over any special benefits accruing to the abutting property therefrom, to take private property for public use without compensation."

That decision did not absolutely relieve the remaining land of the owner of assessment to aid in paying the condemnation expense, but only had the effect of setting the particular assessment aside and leaving the village of Norwood to make such assessment as it could lawfully make. This is, in substance, the observation made upon the effect of that decision by Justice Shiras, speaking for the same court in *French v. Barber Asphalt Pav. Co.*, 181 U. S. 324. While the location and ownership of the land taken and remaining in this case is similar to that involved in *Norwood v. Baker*, it is plain that there is a marked difference between the method and rule of making this proposed assessment and the assessment which was there held unenforceable. Here we have an express statutory provision limiting the amount of the assessment to the actual benefits, and awarding to the property owner a hearing in court upon that very question, after the return of the assessment roll by the eminent domain commissioners and before the final confirmation of the assessment. Not until then is such an assessment rendered enforceable under our law. In addition to this, our law, as we have seen, carefully guards against even an attempt to assess re-

maining damaged land, by requiring a finding in the condemnation proceeding settling the question of damage to remaining land, manifestly having in view the constitutional objection against assessing such land, which assessment would, in effect, result in the owner paying his own damages, and thus in damaging his land without compensation. It seems plain to us that the remaining land of appellant, being found by the jury not to be damaged, is rendered assessable, if it is in fact benefited.

This, we are of the opinion, is as far as we can go, or need to go in our holding in this case to render appellant's contention unavailing here. The questions of whether appellant's remaining land is benefited, to what extent it is benefited, whether the city will be able to raise sufficient money to pay the entire cost of the condemnation by assessing appellant's remaining land measured by actual benefits, and whether the city council abused its discretion in fixing the boundaries of the assessment district, cannot be prejudged in favor of appellant at this proceeding. All of these questions are determinable upon proof which may be offered in the superior court upon the hearing which must, under the law, be accorded to appellant, when the city seeks to have made and confirmed any assessment against his remaining land. We conclude that the ordinance is not void nor ineffective as an authorization for the prosecution of this eminent domain proceeding though it does not render certain the fact that the defined assessment district will yield sufficient funds, measured by benefits, to pay the entire expense of the proceeding. That is a contingency which, at least in contemplation of law, must always exist pending such proceedings up until the assessment is actually made and confirmed upon the hearing thereon in the superior court.

It is contended by counsel for appellant that the trial court erred in its rulings and instructions which withheld from consideration by the jury the fact of the previous

grading of Fifteenth avenue, including the thirty-five foot strip taken, and the question of the claimed damage resulting from the establishment of that grade; and in submitting the cause to the jury as if the land were in its original natural condition. A careful reading of the offers of proof made in appellant's behalf to show damage from this source convinces us that they amounted to nothing more than offers to prove damages flowing from the establishing and making of an original street grade, and were, therefore, simply offers to prove consequential damages. It is plain that the grading of Fifteenth avenue by the city was the original grading of that avenue. It has become the settled law of this state, in harmony with the rule prevailing in most of the other states, that such damage is only consequential and that the city is not liable therefor. *Ettor v. Tacoma*, 57 Wash. 50, 106 Pac. 478, 107 Pac. 1061. This, of course, does not mean that the city can encroach upon the abutting property, by making slopes or otherwise, nor remove lateral support to the soil upon abutting property; but we are not able to see in the offers of proof made in appellant's behalf any claim of damage because of such encroachment or removal of lateral support. We have no such problem as was presented in *Carpenter-McNeil Inv. Co. v. Spokane*, 73 Wash. 232, 131 Pac. 823, under Rem. & Bal. Code, § 7820 (P. C. 171 § 135).

Other contentions of counsel for appellant, we think, do not call for discussion.

The judgment is affirmed.

CROW, C. J., MOUNT, and GOSE, JJ., concur.

CHADWICK, J., concurs in the result.