[No. 13035.   Department One.   April 19, 1916.]

THE CITY OF SEATTLE, *Respondent*, v. DEXTER HORTON
TRUST AND SAVINGS BANK, *Appellant*.[1]

EMINENT DOMAIN—PROCEEDINGS—DAMAGES—ASSESSMENT.   A plat-
ted block of tide lands and contiguous unplatted uplands, are prop-
erly considered as separate parcels in awarding damages in eminent
domain proceedings.

SAME—DAMAGES—EVIDENCE—ADMISSIBILITY.   Upon an issue as
to the damages to be awarded for lands condemned for a street for
which no grade had been established, proof as to what would be a
reasonable grade is immaterial; as it would in no way enhance or
diminish the damages.

Appeal by defendant from a judgment of the superior
court for King county, Tallman, J., entered June 16, 1915,
upon the verdict of a jury awarding damages in eminent do-
main proceedings.   Affirmed.

*Clise & Poe*, for appellant.

*James E. Bradford* and *Geo. A. Meagher*, for respondent.

MOUNT, J.—This is an appeal by a landowner from an
award of damages, in a condemnation action for property
taken by the city of Seattle for purposes of a public street.

It appears that the appellant owned, within the condemna-
tion district, a block of tide land, known in the record as tide
land block 101.   Immediately to the north of this block, was
a large unplatted tract of land also owned by the appellant.
This acreage or unplatted land extended from tide water to
the summit, or very close to the summit, of Magnolia Bluff.
The easterly portion of this unplatted land consisted of a
gulch or slough, known in the record as Wolfe creek.   The
tract condemned was a strip one hundred feet wide and about
half a mile long, running northerly along the bottom of this
gulch from the tide land to the limit of the appellants hold-
ings.   The taking of this one hundred-foot strip left the ap-

[1]Reported in 156 Pac. 844.

pellant a narrow piece of land eighty feet in width, bordering along the eastern margin of the strip taken, and extending its entire length. The city condemned and took all of the tide land block 101. This block was adjacent and contiguous to the gulch.

At the trial, the city treated the condemnation as comprising three distinct tracts; and upon the trial the jury returned a verdict for the value of each tract separately. The first tract was all of tide land block 101; the second consisted of a strip one hundred feet wide commencing at the tide land block and extending through the gulch some 1,190 feet. No point is made upon the third tract.

Two contentions are made by the appellant, to the effect that the city was not authorized to divide the unplatted tract of land from the platted block and treat the two pieces of property as separate property. Second, it is urged that the court erred in refusing to receive evidence relating to the reasonable grade for the street upon the land condemned.

It is contended by the appellant upon the first question that the platted block, being contiguous to the unplatted land, was a part thereof, and for that reason the court erred in permitting damages to be assessed for each of these tracts separately. In *In re Queen Anne Boulevard*, 77 Wash. 91, 137 Pac. 435, we held it was error to treat two platted lots as one tract of land where they were unoccupied and not used in common and each was of sufficient size to admit of separate use. It is conceded in this case that the platted block of tide land, and also the unplatted land, was vacant and unimproved property. But we think the mere fact that this tide land lot had been platted was sufficient, under the *Queen Anne Boulevard* case, to require the city to treat it as a separate tract. While it is no doubt true that the city would have no right to divide property into separate parcels which was not naturally divided, yet, where a part of a tract had been platted into a lot, and another contiguous tract had not been platted, under the case cited, it was the duty of the city to

treat the two tracts as separate tracts. There was, therefore, no error in treating the property as separate tracts.

Upon the trial of the case, one of the engineers for the city testified, in substance, that a seven per cent grade would be a reasonable grade upon which the street might be constructed upon the land taken. A witness was called by the appellant who testified that a five per cent grade would be a reasonable grade. The court thereupon refused to submit this evidence to the jury, and the appellant insists that this was prejudicial error. The case of *Spokane v. Thompson*, 69 Wash. 650, 126 Pac. 47, is relied upon to sustain this contention. But that was a case where there was a change of a grade already established; and what we said in that case had reference to that condition and not to a condition where there had been no grade established. In this case, it is conceded that the city had not established a grade; and whether a five per cent grade or a seven per cent grade, or whether any other grade would be reasonable, it seems is entirely irrelevant to the issue presented in this case. When the city undertakes to build a street over the land taken, it no doubt will establish some grade. But whether it will establish a five per cent grade or a seven per cent grade, or some other grade, is not a material question to be considered in this case in order to determine the damages for the land taken. It may be true that a five per cent grade will be a more reasonable grade than a seven per cent grade. It may be that neither of these grades is proper. The grade, according to its feasibility will no doubt be established by the city when it comes to improve the street. Proof, therefore, of what may or may not be a reasonable grade would tend in no way to enhance or diminish the damages; since neither grade has been established and neither may be established. We are satisfied, therefore, that the court did not err in excluding this evidence from the jury.

We find no error in the record, and the judgment is therefore affirmed.

MORRIS, C. J., ELLIS, and FULLERTON, JJ., concur.