[No. 15908.   *En Banc.*   May 3, 1921.]

## *In re Petition of the* CITY OF SEATTLE.[1]

EMINENT DOMAIN (125)—DAMAGES—EVIDENCE—ADMISSIBILITY.   In eminent domain proceedings for the acquisition of property for street purposes, where the ordinance providing for the improvement does not establish the grade, evidence is admissible to show what would be a reasonable grade of the proposed street, for the purpose of determining the damages to the property not taken, in consonance with the constitutional prohibition (Const., art. 1, § 16) that private property shall not be "taken or damaged" for public use without just compensation (Overruling *Seattle v. McElwain*, 75 Wash. 375, 134 Pac. 1089, and *Seattle v. Dexter Horton T. & Sav. Bank*, 90 Wash. 661, 156 Pac. 844).

MUNICIPAL CORPORATIONS (134, 135)—IMPROVEMENTS—ORDINANCE—FORM AND REQUISITES.   While an ordinance providing for a street improvement may cover both the condemnation proceeding and the matter of the assessment, the two proceedings are in effect separate and distinct, even though conducted in the same cause under the same title, since the purpose of one is not the same as that of the other nor the parties necessarily the same.

Appeal from a judgment of the superior court for King county, French, J., entered January 12, 1920, upon the verdict of a jury awarding damages in condemnation proceedings for a local improvement.   Affirmed.

*Walter F. Meier, Ewing D. Colvin* and *Hugh R. Fullerton,* for appellant.

*Van Dyke & Thomas* and *Preston, Thorgrimson & Turner,* for respondent Burwell.

*Edgar J. Wright,* for respondent Pritchard.

MAIN, J.—This action was instituted by the city of Seattle pursuant to a certain ordinance to condemn private property for street, highway, sewer and drainage purposes.   The ordinance providing for the improve-

[1]Reported in 197 Pac. 784.

ment did not fix or establish the grade of the proposed street. Upon the trial evidence was received over objection as to what the reasonable grade of the proposed street would be when improved. In submitting the case to the jury, the trial court instructed that in determining damages to the property not taken that the jury might take into consideration what would be the reasonable grade of the proposed street and the resultant effect upon the adjacent property. The jury returned a verdict finding separately the value of the strip taken and the damages to the remainder. Under the evidence received and the instructions, there would be included in the amount of damages to the remainder such damages as would be caused by bringing the proposed street to a reasonable grade. From the judgment entered upon the verdict, the city appeals.

The respondents are the owners of the land affected by the improvement. It is argued by them that under the particular facts of this case it is material to show what would constitute a reasonable grade for the street in question. We think, however, that the question is broader than this and the evidence is admissible under the general rule and therefore admissible in all cases, or it is not admissible at all. Even though what would be a reasonable grade might be more easily established by the proof in one case than in another, the rule would be the same as to the admissibility or the inadmissibility of the evidence. A better statement of the question seems to us is, upon the trial in the condemnation action for the purpose of acquiring property for street purposes where the ordinance providing for the improvement does not establish the grade, is it competent to show by evidence what would be a reasonable grade of the proposed street? If the evidence be competent, of course it would not be error for the trial court, in

submitting the cause to the jury, to state in the instructions that such evidence might be taken into consideration in determining damages to the remainder. The appellant strenuously argues that the testimony was incompetent and that the instruction of the court was likewise error. In support of this proposition reliance is chiefly placed upon two cases from this court. In *Seattle v. McElwain,* 75 Wash. 375, 134 Pac. 1089, the city of Seattle sought to condemn for street purposes a strip of land which had already been brought to grade and improved as a street, though title had not been acquired by the city. Upon the trial in that case, the property owner offered to prove damages accruing to him from the establishing and making of the original street grade. The evidence was rejected by the trial court and upon appeal this court sustained the ruling. It was there said:

"It is contended by counsel for appellant that the trial court erred in its rulings and instructions which withheld from consideration by the jury the fact of the previous grading of Fifteenth avenue, including the thirty-five foot strip taken, and the question of the claimed damage resulting from the establishment of that grade; and in submitting the cause to the jury as if the land were in its original natural condition. A careful reading of the offers of proof made in appellant's behalf to show damage from this source convinces us that they amounted to nothing more than offers to prove damages flowing from the establishing and making of an original street grade, and were, therefore, simply offers to prove consequential damages. It is plain that the grading of Fifteenth avenue by the city was the original grading of that avenue. It has become the settled law of this state, in harmony with the rule prevailing in most of the other states, that such damage is only consequential and that the city is not liable therefor."

In *Seattle v. Dexter Horton T. & Savings Bank,* 90 Wash. 661, 156 Pac. 844, the same question was presented. Upon the trial in the condemnation action, the court refused to receive evidence relating to the reasonable grade of the proposed street. This holding was sustained and it is directly and unequivocally there held that such evidence was irrelevant to any issue presented in the case. Unless those two cases are to be overruled, the appellant's contention must be sustained and the judgment reversed. Upon the facts they cannot be distinguished from the case now before us. The reliance of the respondents, so far as the decisions of this court are concerned, is also placed principally upon two cases. In *In re Third, Fourth & Fifth Avenues,* 49 Wash. 109, 94 Pac. 1075, 95 Pac. 862, it was held that when the property is being assessed by the eminent domain commission for the improvement the property holder is entitled, "to have his damages and benefits estimated on the assumption that the improvement will be made . . ."

In *In re South Shilshole Place,* 61 Wash. 246, 112 Pac. 228, upon appeal by property owners from the assessment roll prepared by the eminent domain commission, the property owners sought to inquire whether the commissioners had considered the physical features of their land and whether a reasonable grade had been considered by them in assessing benefits. The right to make this inquiry was denied by the trial court and on appeal it was held that the property owners in that proceeding,

"had a right to inquire as to this matter, and the order confirming the assessment without permitting it, was error."

In these two cases, the question arose, not in the condemnation proceeding where it is sought to take the

property and determine the value of that taken and also damages to the remainder, but upon a hearing before the court after objections had been made to the assessment roll prepared by the eminent domain commission. While an ordinance providing for the improvement may cover the condemnation proceeding and also the matter of the assessment, the two proceedings are not necessarily the same persons. *Spokane v.* they are conducted in the same cause under the same title. The purpose of the one is not the same as the purpose of the other. The parties in the two proceedings are not necessarily the same persons. *Spokane v. Pittsburgh Land & Imp. Co.,* 73 Wash. 693, 132 Pac. 633. The eminent domain commission, in preparing the assessment roll, is required to determine the benefits that may accrue to the several tracts or parcels of land affected by the improvement. This commission has nothing to do with the value of the property taken or damages to the remainder. Where property has been dedicated or granted for street purposes, under the decisions in this state, the adjacent property owner is not entitled to any damage to his property caused by bringing the street to an original grade. This rule is grounded upon the principle that, in dedicating a street or granting land therefor, the dedicator or the grantor, as the case may be, impliedly grants the right to grade it and thereby make it a usable thoroughfare. *Fletcher v. Seattle,* 43 Wash. 627, 86 Pac. 1046; *Ettor v. Tacoma,* 57 Wash. 50, 106 Pac. 478, 107 Pac. 1061; *Wood v. Tacoma,* 66 Wash. 266, 119 Pac. 859; *Rettire v. North Yakima,* 75 Wash. 143, 134 Pac. 699; *Schuss v. Chehalis,* 82 Wash. 595, 144 Pac. 916. The question arises as to whether the same rule should be applied where property is taken by condemnation for street or highway purposes as is applied where there has been a ded-

ication or grant. The taking by condemnation is involuntary. The dedication or grant of course is a voluntary transfer by the property owner. The reason for the rule denying recovery, where there has been a dedication or a grant, is that by such voluntary act the property owner impliedly grants that the street dedicated or granted may be graded so as to make it usable, and that therefore he is not entitled to any resultant damages which arise simply by reason of the fact of the improvement of the street. The two cases above cited do not seem to recognize the distinction which exists between a voluntary and involuntary taking. In 4 Dillon, Municipal Corporations (5th ed.), p. 2940, after discussing and stating the rule that in the case of a dedication or grant the property owner is not entitled to damages by reason of the original grade of the street, the writer states the rule, where the property is acquired by condemnation, to be as follows:

"If lands for a street are unconditionally acquired by eminent domain, the right thus to graduate and improve the street for street uses proper is included in the compensation awarded."

In 1 Lewis, Eminent Domain (3d ed.), § 134; *Fellowes v. City of New Haven*, 44 Conn. 240, 26 Am. Rep. 447, and in the *City of Pontiac v. Carter*, 32 Mich. 163, there is substantially the same statement of the rule. In the two cases last cited, the question did not arise in condemnation proceedings but subsequently when the improvement of the street was entered upon, and in each case it was held that the improvement could not be arrested or damage obtained for making it because the compensation awarded in the eminent domain proceeding included the right to improve the proposed street. In *Osgood v. City of Chicago*, 154 Ill. 194, 41 N. E. 40, the rule in that state is stated to be that the measure of

the abutting property owner's damage is the depreciation in the fair market value of the property caused by the construction of the improvement, after off-setting the benefits that may arise to such property owner against the damages. In *City of Owensboro v. Hope*, 128 Ky. 624, 108 S. W. 873, upon the question it is said:

"When a strip of land is dedicated, or is acquired by condemnation, for the purposes of a highway, it is implied that it may be graded so far as may be necessary to fit it for the purposes for which it was set apart; and, in either case, it will be presumed that the dedicator, or the jury in awarding compensation under the writ of *ad quod damnum,* have estimated the inconvenience of the owner and injury to his remaining property likely to ensue from the necessary and proper grading of the surface."

In none of the authorities, sustaining the rule that where property is taken by eminent domain there is included in the award in that proceeding compensation for the right to improve the proposed street, is it pointed out the manner in which the proof can be made. Clearly, if the improvement of the proposed street is an element of damages in the eminent domain proceeding, it must necessarily follow that it may be established by competent evidence. Art. 1, § 16, of the constitution of this state, among other things, provides that no private property shall be "taken or damaged" for public use without just compensation having been first made or paid into court for the owner. The statute, under which the eminent domain proceedings are conducted, provides that the jury shall find separately the value of the land taken and damages which shall accrue to the part remaining because of "its severance" from the part taken over and above any local or special benefits realized from the proposed improvement. The property owner's rights, as defined by the

constitution, of course would not be limited or modified by any statutory enactment. Under the constitution, the property owner is entitled, before his property is taken, not only to the value of the strip taken, but to damages to the remainder. Let it be assumed that the property owner's damage by reason of the severance would be two hundred dollars, and the jury awarded him this sum; and when the proposed street is improved, owing to the fact that there might be a cut or fill, that the owner's damage would be one thousand dollars additional. If a reasonable grade of the street cannot be shown in the condemnation proceeding, then there is no place where such property owner would be able to recover the thousand dollars which he was damaged by the improvement of the street. If the matter should come before the eminent domain commissioners, they could not award him damage because their function is to assess benefits. It is true if his property was not benefited it would not be assessed, but this does not meet the situation in the case supposed. The property owner, if limited in the condemnation proceeding to the right to damages only for the severance and if not permitted to inquire into the reasonable grade of the proposed street, may suffer damage for which no compensation would be awarded. The constitution guarantees to him the right to any damage that he may sustain by reason of the taking of a portion of his property. If a reasonable grade of the proposed street may be inquired into when assessing benefits, it would seem that a like inquiry could be made in a condemnation proceeding when damage to the property not taken is being determined. The principle is the same. We think that the trial court in this case did not err in admitting the evidence complained of and in submitting the matter to the jury by the instructions. The cases of

*Seattle v. McElwain* and *Seattle v. Dexter Horton T. & Savings Bank, supra,* so far as they are not in harmony with the views herein expressed, will be overruled.

The judgment is affirmed.

PARKER, C. J., TOLMAN, MACKINTOSH, BRIDGES, MITCHELL, MOUNT, and HOLCOMB, JJ., concur.