[No. 16367.   Department Two.   July 18, 1921.]

*In the Matter of the Condemnation of Property for*
BOTHELL WAY.

THE CITY OF SEATTLE, *Respondent,* v. JAMES 'R. WOOD
*et al., Appellants.*[1]

EMINENT DOMAIN (125)—DAMAGES — EVIDENCE — ADMISSIBILITY.
In condemnation proceedings for the establishment of a street im-
provement, the fact that the established grade of the street will
place it in some instances several feet above, and in other cases
several feet below, the adjoining property constitutes an element of
damages to the owners for the taking of their property.

Appeal by defendants from a judgment of the su-
perior court for King county, Jurey, J., entered May
17, 1920, awarding damages in eminent domain pro-
ceedings, after a trial on the merits.  Reversed.

*Carkeek, McDonald, Harris & Coryell,* for appel-
lants.

*Walter F. Meier* and *Edwin C. Ewing,* for respond-
ent.

PER CURIAM.—This is an eminent domain proceed-
ing, commenced in the superior court for King county
by the city of Seattle, looking to the acquiring and
damaging of property by the city to such extent as will
enable it to open and extend a street, to be known as
Bothell Way, at a specified grade along its entire
course.  The cause came regularly on for trial before
the court sitting with a jury, upon the question of
awarding compensation for the property taken and
damaged; and resulted in verdicts and judgments
awarding to the several owners compensation for their
property so taken and damaged.  Among the owners

[1]Reported in 199 Pac. 450.

to whom such awards were made, were James R. Wood and wife and Stone-Easter, Inc.; who, deeming themselves aggrieved, as they claim, because of the inadequacy of their awards, have appealed therefrom to this court.

The sole question to be here decided is as to whether the trial court erred in refusing to allow counsel for appellants to introduce evidence tending to show that their lands, abutting upon the street, would suffer damages by the proposed physical improvement of the street at the grade specified and established by the terms of the city ordinance providing for the commencement and prosecution of the eminent domain proceeding.

The theory of counsel for appellants is that they will suffer damages because of such established grade and improvement of the street, because the grade is at some points several feet above, and at other points several feet below, their adjoining lands. The theory of the trial court's ruling, apparently, is that the grade established by the ordinance, being an original established grade, the damage to appellants' adjoining lands by reason of such establishing of the grade and improvement of the street will be only consequential, and that appellants are, therefore, not entitled to prove, or have awarded in this proceeding, any damages which may result to their adjoining lands. This question was recently reviewed at length by us sitting *En Banc* in, *In re Petition of the City of Seattle*, 115 Wash. 535, 197 Pac. 784, where we reached a conclusion determinative of the question in appellants' favor in this case. We are satisfied with our conclusion there reached. The judgments in this case awarding damages to appellants are reversed, and the cause is remanded to the superior court with directions to award them a new trial.